[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR MODIFICATION DATED APRIL 10, 1992 (#105.11)
The plaintiff, Daniel Cervone has filed a motion dated April 10, 1992 to modify his court ordered child support payment.
By way of judgment dated April 10, 1990 (Bassick, J.) this court confirmed the agreement of the parties, whereby the parties agreed that the plaintiff shall pay to the wife as child support the sum of $100.00 per week per child for Lea Marie Cervone (d.o.b. April 9, 1981) and Derek Michael Cervone (d.o.b. November 3, 1985).
The plaintiff's financial affidavit dated April 10, 1990 did not indicate any defined or actual income but rather an annual "projected" income of approximately $15,000.00-$20,000.00.
The plaintiff's financial affidavits dated April 23, 1992 and September 24, 1992 indicate that the plaintiff is unemployed and receiving $284.00 per week as unemployment compensation.
The plaintiff's employment as owner/manager of Fairdales terminated as such business venture did not succeed. The plaintiff was laid off from work on February 15, 1992 from Cer-Roys. The plaintiff is an experienced and knowledgeable machinist.
The plaintiff's testimony regarding his business and financial affairs was undefined and unclear. However, the CT Page 455 plaintiff is entitled to receive one half of a $5,000.00 payment due on or before March 8, 1993 (i.e. $2,500.00) and one half of a $3,000.00 payment due on or before September 3, 1993 (i.e. $1,500.00). See defendant's Exhibit #3, Promissory Note dated September 6, 1991. These payments due on the promissory note represents assets which the plaintiff may use to satisfy his child support obligation. This is so even though he has allocated the said payments on the promissory note for payment to unsecured creditors.
Conn. Gen. Stats. 46b-86(a) provides . . . . any final orders for the periodic payment of . . . . support . . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 467b-215a. . . . There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial. . . . No order for periodic payment . . . . support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of . . . . support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50.
Based on credible testimony and applicable statutory and case law the court makes the following finding and orders.
The plaintiff is eligible and entitled to a modification of child support because his present child support obligation (i.e. $200.00 per week) deviates more than fifteen per cent from the child support guidelines.
Applying the figures submitted by the plaintiff and defendant on their respective financial affidavits dated April and September 1992, the court determines that the plaintiff is obligated to pay to the defendant the sum of $116.00 per week as child support for the minor children. [The court has elected to disregard any deduction the plaintiff may claim for income tax because it is not likely that the plaintiff will be obligated to pay any income tax based on his 1992 taxable income.] CT Page 456
The court, cognizant of its authority to modify or alter such child support retroactively and further cognizant that the child support guidelines are in addition to and not in lieu of other statutory criteria and further the plaintiff should utilize his assets in addition to current income to satisfy his child support obligation hereby fashions the following child support order:
1. The plaintiff's child support obligation shall continue at the rate of $200.00 per week;
2. Said child support obligation shall be payable at the rate of $116.00 per week, and the payment of the sum of $84.00 per week shall be suspended but shall accumulate from week to week.
3. The plaintiff shall be given a credit for all sums he has paid to the defendant from April 23, 1992.
4. The plaintiff shall apply the proceeds to him from payment of said promissory note dated September 6, 1991 only those payments due March 8, 1993 and September 3, 1993 to any arrearage re child support he may owe the defendant.
5. The court orders that said proceeds of the said promissory note shall not be the exclusive source of payment of any arrears re child support.
6. Full payment of child support payments in the amount of $200.00/week shall resume October 1, 1993.
7. Any child support arrearage due the defendant as of October 1, 1993 shall be paid at the rate of $20.00 per week.
8. The plaintiff shall prioritize payment of any child support arrears to the defendant, and shall not permit or authorize the deduction of payment to third party creditors from said payments due under said promissory note, nor shall the plaintiff permit or authorize the diversion of any payments due under said promissory note to third party creditors.
9. The plaintiff becoming gainfully employed shall constitute a substantial change in circumstance permitting either party to seek a modification of this order. CT Page 457
10. The plaintiff shall keep the defendant or her attorney promptly informed regarding any change in his gainful employment status.
11. This order shall be retroactive to April 23, 1992.
12. The orders of Judge Ballen (April 23, 1992) and Judge Bassick (September 17, 1992) are modified in accordance with this decision.
MORAN, J.